**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**DANIEL BERARDELLI,**

      **Plaintiff,**

      **v.**                        **Case No. 2:09-CV-946
MAGISTRATE JUDGE KING**

**FOSTER WHEELER ZACK, INC.,** *et al.,*

      **Defendants.**

## OPINION AND ORDER

This matter is before the Court, with the consent of the parties, pursuant to 28 U.S.C. §

636(c), for consideration of the *Motion for Judgment on the Pleadings*, Doc. No. 22, filed on

behalf of Defendant Foster Wheeler Zack, Inc.  For the reasons that follow, the motion is granted

in part and denied in part.

### I.

Plaintiff, Daniel Berardelli ["Plaintiff"], brings this action against Defendants Foster

Wheeler Zack, Inc. and Cardinal Operating Company, Inc., in connection with an injury

allegedly sustained while performing work at an electricity generating plant in Steubenville,

Ohio.  Plaintiff is a citizen of the Commonwealth of Pennsylvania and the Defendants' principal

places of business are in the State of Ohio.  The Court has diversity jurisdiction pursuant to 28

U.S.C. § 1332.

Plaintiff is a boilermaker and member of the Boilermakers Union, Local 154.  *Amended

Complaint*, Doc. No. 9, at ¶ 6.  Defendant Foster Wheeler Zack, Inc. ["Foster Wheeler"] was

hired by Defendant Cardinal Operating Company, Inc. ["Cardinal"], to perform work on boilers at an electricity generating plant in Steubenville, Ohio. *Id.* at ¶ 7. Foster Wheeler recruited members of Local 154 to work on the project. *Id.* at ¶ 8.

According to the *Amended Complaint*, work on the inner components of the boilers ordinarily requires the use of scaffolding for the safety of those working in and around the boilers. *Id.* at ¶ 10. Plaintiff alleges that, due to time constraints on the project and at the behest of Defendant Cardinal, "Foster Wheeler decided not to construct scaffolding around the last quadrant of the final boiler being repaired." *Id.* at ¶ 13. Because of the lack of scaffolding, workers used mallets to remove clevises lodged between heating tubes. *Id.* at ¶¶ 15, 19. Plaintiff alleges that, had scaffolding been constructed, "[t]he proper procedure for removing the clevises would have been to install airbags between the tubes, a process that was used on all other boilers at that job site." *Id.* at ¶ 16. As Plaintiff attempted to dislodge a clevis using a mallet, the clevis recoiled as a result of tension and the clevis "struck [Plaintiff's] right hand, crushing his pointer and middle fingers, and shattering the bone in his thumb." *Id.* at ¶ 22.

Plaintiff was transported to a hospital in Steubenville, Ohio and, later, to a hospital in Pittsburgh, Pennsylvania, where he underwent surgery which involved "placing three pins in [Plaintiff's] thumb to set the fractured bone fragments back in position." *Id.* at ¶ 25. Plaintiff has undergone physical therapy but alleges that he has been unable to return to work as a boilermaker. *Id.* at ¶¶ 26-28. Plaintiff currently receives workers' compensation benefits. *Id.* at ¶ 28.

Plaintiff asserts three claims against Defendants: intentional tort; negligent hiring, training and/or supervision; and failure to furnish a safe place of employment in violation of R.C.

§ 4101.12. Defendant Foster Wheeler moves for judgment on the pleadings on these claims.

## II.

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is resolved by reference to the same standard applicable to a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Penny/Olmann/Nieman, Inc. v. Miami Valley Pension Corp.*, 399 F.3d 692, 697 (6th Cir. 2005). Thus, all the factual allegations in the complaint are accepted as true and a motion for judgment on the pleadings will be granted only if the complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim "requires more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do." *Id.* at 555. In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.*

## III.

### A. Count One: Intentional Tort

Defendant Foster Wheeler moves to dismiss Plaintiff's claim for intentional tort, arguing that Plaintiff has failed to allege facts to support a claim under R.C. § 2745.01. As against their employers, employees who sustain injury on the job are generally subject to the exclusive remedy provisions of the Ohio Workers' Compensation Act, R.C. § 4123.74. An employee may pursue an action against his employer under R.C. § 2745.01, however, when an employer acts with specific intent to cause an injury, subject to the provisions outlined in subsections (C) and (D) of the statute. As the parties point out, the Ohio Supreme Court has recently upheld the

constitutionality of § 2745.01.  *See Kaminski v. Metal & Wire Prods. Co.*, 125 Ohio St.3d 250

(2010); *Stetter v. R.J. Corman Derailment Servs., LLC*, 125 Ohio St.3d 280 (2010).   The statute

provides:

> (A) In an action brought against an employer by an employee . . . for damages
> resulting from an intentional tort committed by the employer during the course of
> employment, the employer shall not be liable unless the plaintiff proves that the
> employer committed the tortious act with the intent to injure another or with the
> belief that the injury was substantially certain to occur.
>
> (B) As used in this section, "substantially certain" means that an employer acts
> with deliberate intent to cause an employee to suffer an injury, a disease, a
> condition, or death.
>
> (C) Deliberate removal by an employer of an equipment safety guard or deliberate
> misrepresentation of a toxic or hazardous substance creates a rebuttable
> presumption that the removal or misrepresentation was committed with intent to
> injure another if an injury or an occupational disease or condition occurs as a
> direct result.
>
> (D) This section does not apply to claims arising during the course of
> employment involving discrimination, civil rights, retaliation, harassment in
> violation of Chapter 4112 of the Revised Code, intentional infliction of emotional
> distress not compensable under Chapter 4121 and 4123 of the Revised Code,
> contract, promissory estoppel, or defamation.

R.C. § 2745.01.

In this case, Defendant Foster Wheeler contends that Plaintiff has failed to allege facts

sufficient to support a claim under subsections (A), (B) or (C).  Plaintiff disagrees and argues

that the lack of scaffolding constitutes deliberate intent to injure for purposes of subsections (A)

and (B).  Plaintiff further argues that the lack of scaffolding creates a rebuttable presumption of

the intent to injure, as contemplated by subsection (C).

In opposing Defendant's motion, Plaintiff also argues that the facts alleged by him are

sufficient to state a claim for intentional tort under the standard set forth in *Fyffe v. Jeno's, Inc.*,

4

59 Ohio St.3d 115 (1991).  *See Memorandum contra*, Doc. No. 23, at 10-11.  In that case, the Ohio Supreme Court held that an employee asserting a common law claim that a workplace injury was caused by an intentional act of his employer must allege and prove:

> (1) knowledge by the employer of the existence of a dangerous process, procedure, instrumentality or condition within its business operation; (2) knowledge by the employer that if the employee is subjected by his employment to such dangerous process, procedure, instrumentality or condition, then harm to the employee will be a substantial certainty; and (3) that the employer, under such circumstances, and with such knowledge, did act to require the employee to continue to perform the dangerous task.

*Id.* at 115, citing *Van Fossen v. Babcock and Wilcox Co.*, 36 Ohio St.3d 100 (1988).

As Defendant Foster Wheeler points out, however, the *Fyffe* common law standard no longer applies in light of the statutory standard established by the Ohio General Assembly in § 2745.01, which became effective on April 7, 2005.  "It was the General Assembly's intent in enacting R.C. 2745.01, as expressed particularly in R.C. 2745.01(B), to permit recovery for employer intentional torts *only* when an employer acts with specific intent to cause an injury." *Stetter v. R.J. Corman Derailment Servs., LLC*, 125 Ohio St.3d 280, 927 N.E.2d 1092, 1099-1100 ( 2010), citing *Kaminski v. Metal & Wire Prods. Co.*, 125 Ohio St.3d 250, 927 N.E.2d 1066 (2010).  Thus, whether or not Plaintiff's intentional tort claim survives the motion for judgment on the pleadings must be analyzed under the standard set forth in § 2745.01; the *Fyffe* standard is inapplicable.  *See generally Klaus v. United Equity, Inc.*, __ Ohio App. 3d __, 2010 WL 2990956 (Ohio App. August 2, 2010).

In the *Amended Complaint*, Plaintiff specifically alleges that Defendant acted "intentionally and/or with knowledge that injury was substantially certain to occur . . . ." *Am. Complaint*, Doc. No. 9 at ¶ 35; *see also* ¶¶ 36-38.  In the Court's view, these allegations are

sufficient to state a claim for relief under § 2745.01(A), (B), which require that the employer act "with the intent to injure another or with the belief that the injury was substantially certain to occur." In view of these allegations, Defendant's motion for judgment on the pleadings as to Plaintiff's claim under subsections (A) and (B) is without merit.

The Court next considers whether Plaintiff's allegations are sufficient to state a claim under subsection (C), which provides that "[d]eliberate removal by an employer of an equipment safety guard" creates a rebuttable presumption that the employer acted with an intent to injure. § 2745.01(C). Plaintiff alleges that Defendant's failure to use scaffolding during the final phase of the project, after using scaffolding during the initial phases of the boiler project, amounts to a violation of subsection (C). In particular, Plaintiff alleges that Defendant knew that "scaffolding is a necessary safety device required when working on pullover boilers [and knew of] the removal of such a safety device in order to save time, and [of] the dangers of working on such boilers without scaffolding." *Am. Complaint* at ¶ 34. Plaintiff relies on *Shropshire v. Babcock and Wilcox Co.*, No. 13606, 1989 WL 781 (Ohio App. January 4, 1989). In that case, the plaintiff was injured when he fell from a scaffold that lacked a guard rail on one side. The claim for intentional tort in that case was premised on the alleged violation of R.C. § 4121.80, the statute that preceded § 2745.01.

Defendant argues that the absence of scaffolding does not constitute removal of an "equipment safety guard" for purposes of subsection (C). Rather, Defendant argues, the absence of scaffolding constitutes the failure to follow a safety procedure, which is not actionable under subsection (C). Defendant cites *Kaminski v. Metal & Wire Prods. Co.*, *supra*, and *Holloway v. Area Temps*, No. 93842, 2010 WL 1919939 (Ohio App. May 13, 2010), in support of this

6

position.

In *Holloway*, the plaintiff was loading a pallet on the tow motor of a large truck. The truck moved forward, causing the tow motor to move backwards and crushing the plaintiff's leg. Although a wheel chock to prevent movement of the tow motor was available, it was not used. In considering plaintiff's claim under § 2745.01, the Ohio Court of Appeals concluded that the record was devoid of evidence to support a claim that the defendant acted with a specific or deliberate intent to injure plaintiff. The court did not particularly address whether the absence of a wheel chock constituted the removal of a safety device under subsection (C), but the court did state that plaintiff's claim amounted to one for negligence, not for intentional tort.

In *Kaminski*, the plaintiff was injured when the plaintiff and a co-worker attempted to move steel coil onto a machine press. The plaintiff and co-worker did not follow the proper procedure for performing the task. After addressing the constitutionality of § 2745.01, the Ohio Supreme Court concluded that the facts alleged did not implicate subsection (C).

Defendant Foster Wheeler argues that the lack of scaffolding in this case amounts to a failure to follow a proper safety procedure, as in *Holloway* and *Kaminski*. Thus, Defendant argues, the circumstances giving rise to Plaintiff's intentional tort claim do not fall within the purview of subsection (C).[1]

The Court concludes that the failure to use scaffolding in the final phase of the boiler project states a plausible basis for relief under § 2745.01(C). The facts of this case are

---

[1]Defendant also relies on the decision of the Ohio Court of Claims in *Abrams v. Dept. of Rehabilitation and Correction*, 2010 Ohio 1530, attached as Exhibit H to *Reply Memorandum*. In that case, the plaintiff alleged that the employer's failure to follow proper safety procedures amounted to a violation of § 2745.01(C). The court disagreed, finding that the term "equipment safety guard" refers to a physical device used to protect employees from the risk of harm and does not include policies or the use of monitoring devices.

distinguishable from those in the cases cited by Defendant. The key distinction, in the Court's view, is that scaffolding was used initially during the project but was then allegedly removed. Under these alleged circumstances, it is possible to conclude that the absence of scaffolding at the time of Plaintiff's alleged injury amounts to the "[d]eliberate removal . . . of an equipment safety guard. . . ." This is not to say that a failure to install scaffolding in every instance will state a claim for relief under subsection (C). Rather, in this limited instance, *i.e.,* where Plaintiff alleges that scaffolding was initially used as a safety device but was later deliberately removed by Defendant, Plaintiff's claim may proceed.[2]

In sum, as it relates to Count One of the *Amended Complaint*, Defendant's motion is without merit.

## B. Counts Two and Three: Negligent Hiring, Training, Supervision and Failure to Furnish a Safe Place of Employment

Defendant Foster Wheeler also moves to dismiss Counts Two and Three of Plaintiff's *Amended Complaint*, arguing that the claims are preempted by the exclusive remedy provisions of the Ohio Workers' Compensation Act.

R.C. § 4123.74 provides that "[e]mployers who comply with section 4123.35 of the Revised Code shall not be liable to respond in damages at common law or by statute for any injury . . . by any employee in the course of or arising out of his employment . . . ." As the Ohio Court of Appeals held in *Naragon v. Dayton Power & Light Co.*, No. 17-97-21, 1998 WL 142386 at *10 (Ohio App. March 30, 1998), "a qualifying employer in Ohio's worker compensation system is immune from suits alleging negligence raised by employees for injuries

---

[2]Whether Plaintiff ultimately succeeds on the merits of the claim must of course await further development of the record. The Court simply determines, at the pleadings stage, that the claim may proceed.

suffered during the course of employment." Plaintiff does not dispute that Defendant Foster

Wheeler is a qualifying employer in Ohio's worker compensation system. Accordingly, the

Court concludes that Plaintiff's claim for negligent hiring, training and/or supervision must fail

as a matter of law.

Defendant also argues that Count Three of the *Amended Complaint*, which alleges failure

to furnish a safe place of employment to employees and/or frequenters, is likewise precluded by

Defendant's participation in the worker compensation system. Plaintiff's claim is premised upon

R.C. § 4101.12, which provides:

> No employer shall require, permit, or suffer any employee to go or be in any
> employment or place of employment which is not safe, and no such employer
> shall fail to furnish, provide, and use safety devices and safeguards, or fail to obey
> and follow orders or to adopt and use methods and processes reasonably adequate
> to render such employment and place of employment safe. No employer shall fail
> to do every other thing reasonably necessary to protect the life, health, safety, and
> welfare of such employees or frequenters. No such employer or other person
> shall construct, occupy or maintain any place of employment that is not safe.

As the court observed in *Jenkins v. Central Transport, Inc.*, No. 09-cv-525, 2010 WL

420027 (N.D. Ohio Jan. 29, 2010), § 4101.12 is not implicated when an employee is injured

because the workers' compensation statutes provide a basis for recovery for an employee's

injury in the workplace. "The workers' compensation system is based on the premise that an

employer is protected from suit for negligence in exchange for compliance with the Workers'

Compensation Act." *Blankenship v. Cincinnati Milacron Chemicals, Inc.*, 69 Ohio St.2d 608,

614 (1982).

It is undisputed in this case that Defendant Foster Wheeler, as Plaintiff's employer,

participated in the workers' compensation program and that Plaintiff is receiving benefits as a

result of the work-related injury sustained by him. Accordingly, the Court concludes that

Plaintiff's claim under R.C. § 4101.12 must likewise fail as a matter of law.

As it related to Counts Two and Three of the *Amended Complaint,* then, Defendant's motion is meritorious.

**IV.**

In light of the foregoing, the *Motion for Judgment on the Pleadings,* **Doc. No. 22**, is **GRANTED in part** and **DENIED in part**.

**September 17, 2010**                                   __*s/ Norah McCann King*__
**DATE**                                                      **NORAH McCANN KING**
                                                                    **UNITED STATES MAGISTRATE JUDGE**

10